IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| GLENN GOLDEN, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | 1:17-cv-606-RP |
| GENERAL MOTORS LLC, | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Glenn Golden's opposed motion for leave to file an amended complaint, (Dkt. 13). The motion is **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Glenn Golden brought this suit in state court on May 17, 2017, (Orig. Pet., Dkt. 1-5), alleging claims based on injuries Golden sustained while driving on the Circuit of Americas track on August 29, 2015, (*id.* ¶ 8). Defendant General Motors LLC ("GM") filed its answer on June 16, 2017, (Orig. Answer, Dkt. 1-8), and removed the case to this Court on June 22, 2017, (Notice of Removal, Dkt. 1). Golden filed an amended complaint without leave of the Court on August 30, 2017, (Dkt. 8). On September 7, 2017, Golden filed a motion for leave to file that amended complaint. (Dkt. 13). GM opposed the request for leave to amend, (Dkt. 17), because the proposed amended complaint would add a new defendant, Toy Tech Auto Care ("Toy Tech"), a Texas business, which would deprive the Court of the diversity jurisdiction of which GM availed itself by removing this case.

## DISCUSSION

Golden filed his amended complaint more than 21 days after General Motors' first responsive pleading in the case. The Federal Rules of Civil Procedure make clear that amendments

1

to a complaint made after 21 days have expired following the other party's responsive pleading can only be made with either (1) the written consent of the defendant or (2) court approval. FED R. CIV. P. 15(a)(1)(stating that a party may amend its pleading as a matter of course "21 days after service of a responsive pleading"); *see id.* 15(a)(2) ("In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave."). Golden had neither GM's written consent nor court approval as of August 30.

Golden proffers four reasons to support his request for leave to amend his complaint: (1) in general, courts should freely grant leave to amend complaints; (2) the Court should consider the extenuating circumstances of Hurricane Harvey; (3) there was no undue delay because Golden acted to amend promptly after receiving GM's initial disclosure naming Toy Tech as a potential responsible third party; and (4) GM will not be prejudiced by allowing leave to amend because no new claims are being asserted against GM. (Pl.'s Mot. Leave File Am. Compl., Dkt. 13, at 2–3). The Court finds none of these contentions persuasive; Golden's request for leave to amend his complaint should therefore be denied.

I.  **Standard for Granting Leave to Amend**

In general, the Federal Rules of Civil Procedure encourage courts to permit plaintiffs to amend their pleadings freely. FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, the caveat "when justice so requires" is significant. The phrase contemplates circumstances in which justice does not so require. One such circumstance recognized by the Fifth Circuit is when the proposed amendment would add a defendant that would destroy diversity jurisdiction when the existing defendant removed the case to federal court on that basis. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("[T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum. The district court, when faced with an amended pleading naming a new nondiverse

2

defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

When determining the propriety of permitting a plaintiff to amend his complaint in a manner that will defeat diversity jurisdiction in a case that has been removed, courts should consider (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in seeking amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1183. A consideration of these factors counsels denying leave to amend.

### A. Purpose of Amendment

Golden did not seek to add Toy Tech as a defendant until after removal, even though Golden was aware of Toy Tech's involvement in the facts giving rise to the dispute long before removal. This delay suggests that the purpose of adding Toy Tech may be to defeat diversity jurisdiction. *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010) ("[W]here a plaintiff knew or should have known the identity of the nondiverse defendant at the time of the lawsuit's original filing in state court, many courts have viewed this scenario with much suspicion and have suggested and/or determined that a plaintiff's effort was, in fact, to frustrate diversity jurisdiction."). Golden's stated reason for attempting to add Toy Tech at this stage is that GM listed Toy Tech as a potential responsible third party in its initial disclosures, which were not served on Golden until August 24. (Pl.'s Mot. Leave File Am. Compl., Dkt. 13, at 1 ("On August 24, 2017, GM served its Initial Disclosures. In those Initial Disclosures, GM listed ToyTech Auto Care as a potential responsible third party for having serviced the vehicle prior to the incident.")). However,

Golden cannot, and does not, plausibly claim that he was unaware of Toy Tech's involvement in the incident giving rise to this case prior to receiving GM's initial disclosures. In fact, Golden informed General Motors about Toy Tech's potential involvement as early as December 2015, by including invoices from Toy Tech in documents sent to GM's claims department. (Def.'s Resp. Pl.'s Mot. Leave File Compl., Dkt. 17, at 3). One of these invoices was for front brake service. (*Id.*). Golden knew about the involvement of Toy Tech in the incident from which this suit arose long before receiving the initial disclosure from General Motors. Golden does not explain this delay in his motion, nor does he explain why the initial disclosure suddenly required the addition of Toy Tech. Without further explanation from Golden regarding the timing of his request to add Toy Tech as a defendant, the Court is not persuaded that the proposed amendment is not sought for the purpose of defeating diversity jurisdiction.

B. **Delay in Seeking Amendment**

Golden's delay in seeking to add Toy Tech as a party also favors denying Golden's request for leave to amend. The complaint was filed on May 17, GM removed the case on June 22, and Golden first attempted to amend the complaint to add Toy Tech on August 30. Three and a half months after the complaint was filed and more than two months after the case was removed constitutes considerable delay, especially since Golden knew of Toy Tech's involvement even before the complaint was filed. *See Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001) (finding dilatory the plaintiffs' attempt to add parties who would defeat diversity jurisdiction when plaintiffs waited to do so over two months after the filing of the original petition and nearly 30 days after removal); *Gill v. Michelin North America, Inc.*, 3 F. Supp. 3d 579, 586 (W.D. Tex. 2013) (finding delay where the plaintiff waited until three weeks after removal to move to amend the complaint when the basis of liability of the proposed new party dated back to the sale of the vehicle).

### C. Prejudice to Plaintiff

Golden contends he will be prejudiced if not granted leave to amend his complaint to add Toy Tech. Golden's fear appears to be that GM may designate Toy Tech as a responsible third party and persuade a jury (if it comes to that) that Toy Tech bore all responsibility for Golden's injuries, barring Golden's recovery from both Golden and Toy Tech. (Pl.'s Mot. Leave File Am. Compl., Dkt. 13, at 3 ("Plaintiff . . . would be prejudiced if [he] were unable to amend, but GM was able to later add [Toy Tech] as a responsible third party.")). However, if GM were to successfully persuade a jury that Toy Tech were at fault, Golden would have recourse: filing a claim against Toy Tech in state court. The current unavailability of that option because the statute of limitations has run stems from Golden's dilatory attempt to pursue claims involving Toy Tech; it cannot be properly characterized as prejudice stemming from the Court's denial of leave to amend.

### D. Equitable Considerations

The only equitable consideration Golden has in his favor concerns Hurricane Harvey. This factor is discussed in more detail in Part II, *infra*, but there is nothing about the events of Hurricane Harvey that changes the analysis. Golden was aware of Toy Tech's involvement as early as December 2015—long before Hurricane Harvey formed and stormed the shores of Texas.

Finally, Golden also notes that his proposed amended complaint was filed well before the April deadline to add claims or parties in this case's scheduling order. However, the Fifth Circuit has dismissed this line of reasoning. *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013), *abrogation on other grounds recognized by Ocwen Loan Servicing, L.L.C. v. Berry*, 852 F.3d 469, 472 (5th Cir. 2017) (dismissing the plaintiffs' argument that the district court abused its discretion by declining leave to amend before the time period to do so recognized by the scheduling order had passed, finding the argument "as unpersuasive as it is disingenuous").

## II. Extenuating Circumstances and Undue Delay

Golden cites the extenuating circumstances of Hurricane Harvey[1] as a reason for delayed filing of the amended complaint and for failure to file a request for leave to file an amended complaint. Golden does not explain why Hurricane Harvey prohibited him from filing a motion for leave to file an amended complaint but permitted him to file the amended complaint itself. Additionally, Golden does not explain why GM's identification of Toy Tech as a potential responsible third party in its initial disclosures was the operative event triggering the need for the addition of Toy Tech as an additional defendant. Golden does not suggest that he was unaware of the involvement of Toy Tech before receiving the initial disclosure. Therefore, Golden has not shown that his delay can be attributed to Hurricane Harvey.

## III. Prejudice to GM and Toy Tech

Golden contends that permitting him leave to amend would not prejudice GM because he does not assert any new claims against GM in his proposed amended complaint. GM disagrees. Adding Toy Tech, a Texas citizen, as a defendant in this lawsuit would destroy diversity jurisdiction, which GM prefers to preserve, as demonstrated by GM's removal of this case to federal court. The amendment would also prejudice Toy Tech by depriving Toy Tech of its statute of limitations defense.[2]

As GM has pointed out, with some exceptions, "[t]he failure to obtain leave" to file an amended complaint "results in an amended complaint having no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). In *HealthSouth* the Fifth Circuit approvingly quoted the principle as laid out by Charles Alan Wright and Arthur R. Miller: "In general, if an

---

[1] Golden cites an order issued by the Texas Supreme Court requiring Texas courts to consider delays caused by Hurricane Harvey good cause to modify or suspend deadlines. (Pl.'s Mot. Leave File First Am. Compl., Dkt. 13, at 2). Golden does not explain why a procedural order of the Texas Supreme Court should bind federal courts in the state. However, the general point that Hurricane Harvey was a disaster, disrupted daily activity in Houston for a considerable period of time, and could justify delay in certain circumstances is well taken.

[2] Courts have recognized that prejudice to a nonparty can be relevant when considering the propriety of granting leave to amend a complaint. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 n.3 (9th Cir. 1990).

amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." *Id.* at 295 (quoting 6 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1484 (1990)). The Wright and Miller passage approved of by *HealthSouth* contains an exception: "an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *Id.* As characterized by the Fifth Circuit, the exception "is limited to situations in which the plaintiff could still re-file the complaint without prejudicing another party." *HealthSouth*, 332 F.3d at 296.

Here, neither component of the exception is met: it is not clear that the Court would have granted leave to amend on August 30 because the same analysis regarding the addition of a diversity-destroying defendant would apply then, (*see supra* Part I), and GM has shown that both GM and Toy Tech would be prejudiced by allowing the proposed amendment. GM has put forth a persuasive argument that permitting Golden to add Toy Tech would prejudice GM by overriding its expressed preference for federal jurisdiction demonstrated by its decision to remove the action to federal court. *See Hensgens*, 833 F.2d at 1182; *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (denying leave to amend a complaint to add a non-diverse defendant after case had been removed on the basis of diversity jurisdiction). Additionally, allowing the change would prejudice Toy Tech by depriving it of its statute of limitations defense.[3]

In *HealthSouth*, the court held that an amended complaint that proposed adding a new claim, filed before the statute of that limitations expired, was not sufficient to toll the statute of limitations until request for leave to amend the complaint was filed later. *HealthSouth*, 332 F.3d at 296. "[F]ailing

---
[3] The parties agree that the statute of limitations with respect to Golden's proposed claim against Toy Tech expired by, at the latest, August 30, before Golden filed his request for leave to amend his complaint on September 7.

7

to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect. Without legal effect, it cannot toll the statute of limitations period." *Id.*; *see also Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309–10 (5th Cir. 2017) (declining to add defendants named in an amended complaint to a lawsuit where the plaintiff did not obtain leave to file the amended complaint). The plaintiff in *HealthSouth* filed an amended complaint on August 2, 1999, which added state law claims for wrongful termination, but failed to request leave to amend. *HealthSouth*, 332 F.3d at 294. On August 9, 1999, the plaintiff formally requested leave to file the amended complaint. *Id.* The statute of limitations for the claim required the plaintiff to file no later than August 4, 1999. *Id.* at 295. The Fifth Circuit held that because depriving the defendant of its statute of limitations defense would prejudice the defendant, the complaint could not be deemed filed until August 9, the date that the plaintiff requested leave to amend the complaint. *Id.* at 297. Therefore, the claim was barred. Here, following the same principle, Golden's amended complaint against Toy Tech cannot be considered filed until September 7, the date he requested leave to amend the complaint. To permit the amended complaint filed without leave to amend would prejudice Toy Tech by depriving it of its statute of limitations defense. It would also prejudice GM by depriving it of its choice of a federal forum.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint adding Toy Tech as a defendant, (Dkt. 13), is **DENIED**. The amended complaint filed without leave of the Court on August 30, (Dkt. 8), is **STRICKEN**.

**SIGNED** on November 22, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE